UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GRACE FOSTER                                          CIVIL ACTION

VERSUS                                                NO. 07-6991

SAFECO INSURANCE COMPANY                              SECTION: "C" (5)
OF AMERICA AND/OR GENERAL
INSURANCE COMPANY OF
AMERICA

## ORDER AND REASONS

This matter comes before the Court on the issue of its subject matter jurisdiction in this removed action. Having considered the record, the memorandum and the law, the Court has determined that it lacks jurisdiction for the following reasons. The plaintiffs filed suit in state court for damages caused by Hurricane Katrina and allegedly due under their insurance policy with the Safeco Insurance Company and/or General Insurance Company of America ("Safeco"). The defendant removed based on diversity.

First, the parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc*., 193 F.3d 848 (5th Cir. 1999). Additionally, bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in

cases such as the one at bar. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).

In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938) (citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936)); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert. denied*, 459 U.S. 1107 (1983).

In this case, Safeco argues that the limit on the Plaintiff's policy, $135,000, in combination with the Plaintiff's claim for emotional distress and attorney's fees pushes the case past the jurisdictional minimum. Yet, the Plaintiff has not asserted that Hurricane Katrina caused a total loss of the residence. Thus, the court finds that the policy limit is not an appropriate reference point for determining the jurisdictional amount. Plaintiff does allege that the amount in controversy is above the state's minimum amount for a jury trial: $50,000. But, that figure less is significantly less than the jurisdictional minimum for federal court.

No allegations have been made that the pre-Katrina value of the properties was in excess of either policy limits or that the policy provides for reconstruction cost in excess of the policy limit. The defendant has failed to show the existence of the minimum amount in controversy required for diversity jurisdiction at the time of removal. It is the value of the plaintiffs' claim, not the value of the underlying policy, that determines whether the jurisdictional minimum is

satisfied.

The Court finds that the allegations of the petition do not support a finding that it is facially apparent that the claims are likely above the jurisdictional minimum. Because the remaining coverage is necessarily affected by any insurance payments made, the defendant has not made a showing "sufficiently particularized" to meet its burden. The Court finds that the defendant has failed to meet its burden of proof under these circumstances. The Court is mindful that removal jurisdiction is strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to the 24th Judicial District for the Parish of Jefferson, State of Louisiana, for lack of jurisdiction under 28 USC § 1447(c).

New Orleans, Louisiana, this 30th day of November, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE